IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eric Dewayne Phillips,<br>    Petitioner,<br>vs.<br>Charles L. Ryan, et al.,<br>    Respondents. | No. CIV 09-0997-PHX-JWS (DKD)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE JOHN W. SEDWICK, UNITED STATES DISTRICT JUDGE:

Eric DeWayne Phillips filed a petition for writ of habeas corpus on May 6, 2009, challenging his conviction following a guilty plea for armed robbery and the imposition of a 13-year prison term. In his petition, he contends that he received the ineffective assistance of counsel.[1] Respondents contend that Phillips' petition is untimely and that he is not entitled to equitable tolling. The Court agrees and recommends that the petition be denied and dismissed with prejudice.

On January 6, 2006, Phillips pleaded guilty to armed robbery (Doc. #15, Exh A). On May 25, 2006, he filed a Notice of Post Conviction Relief; on May 26, 2006, the trial court appointed counsel (*Id.*, Exh C). Counsel filed a Notice of Completion of Post-Conviction Review, finding no colorable issues and seeking an extension to allow Phillips to file a *pro*

---

[1] Phillips also asserted a violation of his Sixth Amendment right to counsel; on December 17, 2009, the Court granted his motion to voluntarily withdraw this claim. *See* Doc. #18.

*per* petition (*Id.*, Exh D). On November 16, 2006, the trial court granted Phillips a 45-day extension in which to file a *pro per* petition (*Id.*, Exh E). On December 28, 2006, Phillips filed a second Notice of Post Conviction Relief and a memorandum arguing ineffective assistance of trial counsel (*Id.*, Exh F, G). On January 30, 2007, the State filed a response; on March 16, 2007, the trial court denied Phillips' petition on the merits (*Id.*, Exh A, I). On May 4, 2007, 19 days beyond the 30-day period allowed under Ariz. R. Crim. P. 32.9(c), Phillips filed a petition for review in the Arizona Court of Appeals (*Id.*, Exh H). On May 23, 2007, the court of appeals denied Phillips' motion for extension of time, without prejudice to filing an appropriate motion in the trial court demonstrating that he was not responsible for the untimely filing (*Id.*). Phillips filed nothing further in state court. On May 6, 2009, Phillips filed his federal petition.

Phillips was required to file his federal petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *Jimenez v. Quarterman*, 129 S.Ct. 681, 685 (2009).[2] Phillips' conviction became final on April 16, 2007, following the expiration of the 30-day period in which he could have petitioned the court of appeals for review of the trial court's order dismissing the post-conviction petition. *See Hemmerle v. Schriro*, 495 F.3d 1069, 1073 (9th Cir. 2007).[3] His conviction became final on "the date that he allowed his time for seeking review" to expire. *Id*. The "conclusion of direct review" does not include the time period during which Phillips attempted to file an untimely petition

---

[2] Because Phillips pleaded guilty, he waived his right to appeal. Ariz. R. Crim. P. 17.1(e). His Rule 32 of-right proceeding is a form of direct review within the meaning of § 2244(d)(1)(A). *See Summers v. Schriro*, 481 F.3d 710 (9th Cir. 2007).

[3] The ninety-day period within which a petitioner can file a petition for writ of certiorari from the United States Supreme Court allowed by *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999) is not part of the time calculation in this case because such review is limited to a judgment entered by "a state court of last resort." *See* Sup. Ct. R. 13.1, Rules of the Supreme Court of the United States.

for review. Otherwise, a habeas petitioner could indefinitely delay the commencement of the one-year limitations period by simply waiting to file such a pleading until after the time for filing had expired.[4] "Sanctioning this procedure would undermine the statute of limitations for federal habeas petitions." *Randle v. Crawford*, 578 F.3d 1177, 1183 (9th Cir. 2009). Absent any statutory tolling, he was required to file his federal petition on or before April 16, 2008.

Phillips is not entitled to any statutory tolling. In this case, Phillips pleaded guilty, sought post-conviction relief in state court, and did not pursue any further relief in any state appellate court. Under such circumstances, there is no applicable statute which would provide a basis for tolling. His untimely petition for review did not toll the limitations period. The court of appeals denied Phillips' motion for an extension of time to file the petition for review. The court of appeals also notified Phillips of his ability to return to state court to demonstrate that the untimely filing should be allowed because he was not responsible for the untimely filing. However, Phillips declined to take advantage of this opportunity, and filed no further pleadings in state court.

In addition, assuming that equitable tolling is available to Phillips, *see Bowles v. Russell*, 551 U.S. 205, 209-15 (2007), the Court concludes that he is not entitled to such tolling. He has not demonstrated that he had been pursuing his rights diligently and the existence of any extraordinary circumstances which prevented him from timely filing his petition. *Pace v. DiGuglielmo*, 544 U.S. 408, 418-19 (2005). In his petition, he states the reason why the one-year limitations period does not bar his petition:

> I'm in custody due to violations of the Constitutional laws 6th, 5th and 4th Amendments. My claims rely on § 2254 (B) and (D) [sic]. Also the lack of legal material in close custody in maximum security facilities. My attorney

---

[4] Even if this time period is included, the latest date that the conviction would be final is June 22, 2007, upon the expiration of time allowed for Phillips to seek review of the court of appeals decision in the Arizona Supreme Court. Even under that calculation, the petition would still be untimely.

- 3 -

> Theresa M. Armendariz, withdrew as counsel 3-24-07. I've been completely without legal material or assistance since that date.

(Doc. #1 at 15). Phillips was not entitled to any assistance in filing his petition. *See Moran v. McDaniel*, 80 F.3d 1261, 1271 (9th Cir. 1996). In any event, a lack of legal sophistication by a pro se petitioner is not, by itself, an extraordinary circumstance warranting equitable tolling. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). Although he contends that he lacked access to legal materials during the limitations period, he does not specify what materials he could not obtain. He was able to obtain the federal habeas form and file it in May, 2009, while detained at a maximum security facility. *See Bryant v. Ariz. Attorney Gen.*, 499 F.3d 1056, 1060-61 (9th Cir. 2007). He also does not explain why he waited two years after his untimely petition for review to file any further pleadings. Phillips has therefore not established any entitlement to equitable tolling.

**IT IS THEREFORE RECOMMENDED** that Eric Dewayne Phillips' petition for writ of habeas corpus be **denied and dismissed with prejudice** (Doc. #1).

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **denied** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any

factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

DATED this 13th day of April, 2010.

_____
David K. Duncan
United States Magistrate Judge