# MINUTES OF THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

*Eric Dewayne Phillips v. Charles L. Ryan, et al*

THE HONORABLE JOHN W. SEDWICK          2:09-cv-00997 JWS

PROCEEDINGS:        **ORDER FROM CHAMBERS**          May 11, 2010

---

Eric Dewayne Phillips ("petitioner") moves for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was briefed. Thereafter, in a report at docket 21, Magistrate Judge David Duncan recommended that the petition be denied and dismissed with prejudice. Petitioner filed an objection at docket 22.

This court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). When reviewing a magistrate judge's recommendations in a case such as this one, this court conducts *de novo* review of all recommended conclusions of law, and any recommended findings of fact to which objections have been taken. Recommended findings of fact as to which no objection has been taken are reviewed for clear error. Having applied those standards of review, this court finds that the recommended findings of fact and conclusions of law are correct in all material respects. Petitioner's objections that he was entitled to assistance from the court or the lawyer with respect to meeting the time deadlines lack merit. *See, Raspberry v. Garcia,* 448 F3d 1150, 1154 (9th Cir. 2006) and *Moran v. McDaniel*, 81 F.3d 1261, 1271 (9th Cir. 1996). Accordingly, this court adopts Magistrate Judge Duncan's recommendations at docket 21. Based thereon, the petition at 1 is **DENIED**. The Clerk will please enter judgment dismissing the petition with prejudice.

**IT IS FURTHER ORDERED THAT** this court will not grant the Certificate of Appealability required by 28 U.S.C. § 2253(c), nor will it grant leave to proceed on appeal *in forma pauperis*, because dismissal of the petition is clearly warranted by a plain procedural bar, and jurists of reason would not find the procedural bar debatable. If petitioner desires to take an appeal he must request a Certificate of Appealabilty from the Court of Appeals. *See* Fed. R. App. P. 22(b)(1).

_____